**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 28, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

ALAN DeATLEY TRIBAL MEMBER,

    Petitioner - Appellant,

v.

DEAN WILLIAMS, Executive Director CDOC; WARDEN JAQUEZ; PHIL WEISER, State of Colorado Attorney General,

    Respondents - Appellees.

No. 19-1322
(D.C. No. 1:19-CV-01326-LTB-GPG)
(D. Colo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **MATHESON**, **McKAY**, and **BACHARACH**, Circuit Judges.
_____

Alan DeAtley, a Colorado state prisoner serving an 83-year sentence for tax fraud offenses, seeks a certificate of appealability ("COA") to challenge the district court's dismissal of his 28 U.S.C. § 2254 application for a writ of habeas corpus. *See* 28 U.S.C. § 2253(c)(1)(A) (requiring a COA to appeal "the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court"). He also seeks leave to proceed *in forma pauperis* ("*ifp*").

---

    * This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Exercising jurisdiction under 28 U.S.C. § 1291, we deny both requests and dismiss this matter.[1]

Mr. DeAtley initiated this proceeding by filing a pro se § 2254 application in the United States District Court for the District of Columbia. That court transferred the application to the District of Colorado, where a magistrate judge ordered Mr. DeAtley to file his application on the proper forms. Mr. DeAtley did so, but the magistrate judge then found that Mr. DeAtley's § 2254 application and its attached 45-page statement failed to comply with Federal Rule of Civil Procedure 8(a), which calls for "a short and plain statement of the claim." Fed. R. Civ. P. 8(a)(2). The magistrate judge ordered Mr. DeAtley to file a compliant § 2254 application. In response, Mr. DeAtley filed an amended application. The magistrate judge, "unable to decipher what federal constitutional violations Applicant is attempting to challenge," ROA at 279, recommended dismissal of the action without prejudice under Federal Rule of Civil Procedure 41(b). Mr. DeAtley objected to the recommendation and filed another amended application. The district court, noting that "neither the Objection nor the Amended Application are intelligible," *id.* at 357, adopted the recommendation, dismissed the action without prejudice for failure to comply with a court order and failure to prosecute, denied *ifp* status on appeal, denied a COA, entered judgment, and denied a motion for reconsideration.

---

[1] Because Mr. DeAtley is pro se, we construe his filings liberally, but we do not act as his advocate. *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

2

We must grant a COA to consider Mr. DeAtley's appeal from the district court's dismissal of his § 2254 application. *See Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Where, as here, the district court dismissed the application on procedural grounds, we will grant a COA only if the applicant can demonstrate both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (emphasis added). We focus here on the district court's procedural ruling.

Mr. DeAtley's challenge to the dismissal of his § 2254 application under Rule 41(b) for failure to comply with Rule 8(a) would be reviewed in a merits appeal for abuse of discretion. *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161 (10th Cir. 2007). We therefore ask if reasonable jurists could debate whether the district court's dismissal of Mr. DeAtley's amended § 2254 application was an abuse of discretion. *See Buck v. Davis*, 137 S. Ct. 759, 777 (2017) (accepting formulation of "the COA question" as "whether a reasonable jurist could conclude that the [d]istrict [c]ourt abused its discretion in declining to reopen the judgment").

We have reviewed Mr. DeAtley's extensive and mostly handwritten filings, including his four applications for habeas relief in the district court and his brief filed in this court. These materials reflect considerable work on his part and are entitled to a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). But pro se litigants must comply with the Federal Rules of Civil Procedure, including

3

Rule 8.  *See United States v. Green*, 886 F.3d 1300, 1307-08 (10th Cir. 2018);

*Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).  Mr. DeAtley has not.

Mr. DeAtley's fourth (and most recent) § 2254 application alleges the State of Colorado lacks jurisdiction over him as a tribal member who has been granted habeas relief by a tribal court.  It also mentions "unconstitutional search and seizure," "unlawful arrest," "unconstitutional failure of the illegal prosecution," "double jeopardy," and "First Amendment right to access."  ROA at 282-88.  But the only issue he may challenge here is the district court's dismissal based on his failure to comply with its order to satisfy the pleading requirements of the Federal Rules.[2] We cannot say the district court abused its discretion in determining that Mr. DeAtley has failed to set forth a short and plain statement of his claims for relief as required

---

[2] Although we limit our review to the procedural issue and do not address the merits of Mr. DeAtley's claims, we note that Mr. DeAtley contends that the "Latgawa Indian Tribal Justice Court" has awarded him habeas relief and that the federal court must honor this ruling.  ROA at 75, 290-91.  The tribal judge who awarded relief and signed the order was *Mr. DeAtley*.  For example, attached to his first § 2254 application is an "Order" finding that "*Alan E. De Atley Tribal Special Counsel, Tribal Judge* appointed for life by Chief Judge Newkirk must be released within 1 hours [sic] the same day this has been delivered to any State of Colorado employee."  *Id*. at 75 (emphasis added).  Then it says, Mr. "De Atley must be released this day within 1 hour of this Tribal Courts Order [sic]."  *Id.*  The order was signed by "*Alan E. De Atley Tribal Special Counsel, Tribal Judge*."  *Id.* at 77 (emphasis added).  Similar documents from the "Latgawa Indian Tribal Justice Court" and signed by Mr. DeAtley as the tribal judge were attached to his § 2254 applications in this case.  *See, e.g.*, *id.* at 78-94, 121-37, 139-41.

4

by Rule 8(a) of the Federal Rules of Civil Procedure.[3]  Nor would reasonable jurists debate whether the district court abused its discretion.

We therefore deny a COA.[4]  We also deny Mr. DeAtley's request to proceed *ifp*.[5]  This matter is dismissed.

Entered for the Court

Scott M. Matheson, Jr.
Circuit Judge

---

[3] "The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules."  Rule 12, Rules Governing § 2254 Cases in the United States District Courts; *see* Fed. R. Civ. P. 81(a)(4)(A).  To the extent Rule 2 of the Rules Governing § 2254 Cases addresses what a habeas applicant should include in a § 2254 petition, it is "not inconsistent with" Federal Rule of Civil Procedure 8(a)(2)'s requirement of "a short and plain statement" of the applicant's claim.

[4] The dismissal was without prejudice.  A habeas petition dismissed without prejudice has not been decided on the merits and is, therefore, not subject to the limitations governing second or successive petitions.  *See Stewart v. Martinez-Villareal,* 523 U.S. 637, 643-44 (1998).

[5] Mr. DeAtley's brief on appeal alleges improprieties in the district court's handling of this case.  These matters may be raised through the judicial conduct process.  *See* 28 U.S.C. §§ 351-64; 10th Cir. Rules for Judicial-Conduct and Judicial-Disability Proceedings*,* https://www.ca10.uscourts.gov/ce/misconduct.